```
AVSO350                    ALABAMA JUDICIAL DATA CENTER
                                HOUSTON    COUNTY
                                    SUMMONS
                                                            CV 2005 000587.00
```

```
                IN THE CIRCUIT COURT OF HOUSTON        COUNTY
JEWEL DEAN OLIVER VS KENWORTH OF DOTHAN, INC A CORPORATION
    SERVE ON: (D001)
    SSN: 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                    PLAINTIFF'S ATTORNEY
    KENWORTH OF DOTHAN, INC., A CO      LEWIS JOSEPH W
    C/O ROBERT MITCHELL                 P.O. BOX 536
    3330 5TH AVENUE NORTH
    BIRMINGHAM    ,AL 35222-0000        DOTHAN      ,AL 36302-0000
```

TO THE ABOVE NAMED DEFENDANT:

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO MAIL OR HAND DELIVER A COPY OF A WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT TO THE PLAINTIFFS ATTORNEY(S) SHOWN ABOVE OR ATTACHED:

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGEMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THIS COURT.

( ) TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY EITHER RULES 4.1(B)(2) OR 4.2(B)(2) OR 4.4(B)(2) OF THE ALABAMA RULES OF CIVIL PROCEDURE: YOU ARE HEREBY COMMANDED TO SERVE THIS SUMMONS AND A COPY OF THE COMPLAINT IN THIS ACTION UPON DEFENDANT.

( ) THIS SERVICE BY CERTIFIED MAIL OF THIS SUMMONS IS INITIATED UPON THE WRITTEN REQUEST OF _____ PURSUANT TO RULE 4.1(C) OF THE ALABAMA RULES OF CIVIL PROCEDURE.

DATE: 09/22/2005                        CLERK: JUDY BYRD
                                        PO DRAWER 6406
                                        DOTHAN  AL  36302

RETURN ON SERVICE:

( ) CERTIFIED MAIL RETURN RECEIPT IN THIS OFFICE ON (DATE) _____
    (RETURN RECEIPT HERETO ATTACHED)

( ) I CERTIFY THAT I PERSONALLY DELIVERED A COPY OF THE SUMMONS AND
    COMPLAINT TO _____
    IN _____ COUNTY, ALABAMA ON (DATE) _____

DATE _____        SERVER SIGNATURE _____

SERVER ADDRESS _____        TYPE OF PROCESS SERVER _____

OPERATOR: INM
PREPARED: 09/22/2005

**Exhibit A**

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

| | |
|---|---|
| JEWEL DEAN OLIVER, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) CIVIL ACTION NO.: CV 05-587 A |
| VS. | ) |
| | ) |
| KENWORTH OF DOTHAN, INC., | ) |
| A CORPORATION | ) |
| JOHN DOE, | ) |
| RICHARD ROE, THE D, E, F | ) |
| PARTNERSHIPS, | ) |
| AND THE X, Y, Z | ) |
| CORPORATIONS, | ) |
| BEING THE PERSONS, PART- | ) |
| NERSHIPS, CORPORATIONS | ) |
| OR ASSOCIATIONS WHO | ) |
| COMMITTED THE ACTS OF | ) |
| BREACH OF CONTRACT, FRAUD, | ) |
| VIOLATIONS OF THE | ) |
| MOTOR VEHICLE INFORMATION | ) |
| AND COST SAVINGS ACT, AND | ) |
| NEGLIGENCE/WANTONNESS, | ) |
| ALL ALLEGED HEREIN, AND | ) |
| WHO OTHERWISE COMMITTED | ) |
| THE ACTS REFERRED TO | ) |
| HEREIN AGAINST THE | ) |
| PLAINTIFF ON THE | ) |
| OCCASIONS MADE THE | ) |
| BASIS OF THIS LAWSUIT, OR | ) |
| AT OTHER TIMES, ALL OF | ) |
| WHOSE TRUE NAMES AND | ) |
| IDENTITIES ARE OTHER- | ) |
| WISE UNKNOWN TO | ) |
| PLAINTIFF AT THIS TIME, | ) |
| BUT WILL BE ADDED BY | ) |
| AMENDMENT WHEN | ) |
| ASCERTAINED, | ) |
| | ) |
| DEFENDANTS. | ) |

FILED
SEP 20 2005
JUDY BYRD, CLERK
HOUSTON CO., AL

## COMPLAINT

1. Plaintiff, Jewel Dean Oliver is a resident citizen of Barbour County, Alabama, presently residing at 14 Hill Street, Clio, Alabama 36017.

2. Defendant, Kenworth of Dothan, Inc., is a corporation qualified to do business in the State of Alabama with its registered agent being Robert Mitchell, 3330 5th Avenue North, Birmingham, Alabama 35222.

3. The unknown or fictitious Defendants named herein are those persons, partnerships, corporations or associations who committed the acts of fraud, breach of contract, negligence/wantonness, and violations of the Motor Vehicle Information and Cost Savings Act all alleged herein, and who otherwise committed the acts referred to herein against the Plaintiff on the occasions made the basis of this lawsuit, or at other times, all of whose true names and identities are otherwise unknown to the Plaintiff at this time, but will be added by amendment when ascertained.

## FACTS

4. On or about May 20, 2005, Plaintiff purchased from Defendant one 1998 Kenworth model T600 truck, vehicle identification number 1XKADR9X4WR759983. The purchase price was $21,977.50.

2

5. Defendant represented and warranted, in response to specific inquiry by the Plaintiff, that the mileage on the truck referred to in paragraph four (4.) herein above was 632,124 miles.

6. Plaintiff subsequently learned that the actual mileage on the truck was in excess of 775,000 miles. The motor in said truck is now completely inoperable and must be replaced or overhauled.

7. Plaintiff has suffered loss of her property, lost value of her property, monetary loss including lost income, mental anguish including worry, embarrassment, frustration, annoyance and inconvenience, travel expenses, attorneys fees, and other incidental and consequential damages.

## COUNT ONE

8. Plaintiff realleges and incorporates paragraphs one (1.) through seven (7.) as if restated in full herein.

9. On or about May 20, 2005, Plaintiff and Defendant entered into a contract, the terms of which provided for the purchase by Plaintiff from Defendant of one 1998 Kenworth model T600 truck, vehicle identification number 1XKADR9X4WR759983, for $21,977.50. Said contract and Defendant's representations to Plaintiff prior to execution of said contract stated the mileage on said truck as 632,124 miles.

3

10. Defendant breached said contract with the Plaintiff in that the truck provided to Plaintiff was subsequently determined to have in excess of 775,000 miles on it at the time of the sale.

11. As a proximate consequence of Defendant's breach of contract, Plaintiff has been caused to suffer the following injuries and damages:

> loss of her property, lost value of her property, monetary loss, lost earnings, mental anguish including worry, embarrassment, frustration, annoyance and inconvenience, travel expenses, repair expenses, attorney's fees, and other incidental and consequential damages.

WHEREFORE, Plaintiff demands judgment for compensatory and punitive damages, in an amount to be determined by the trier of fact, and costs.

## COUNT TWO

12. Plaintiff realleges and incorporates paragraphs one (1.) through eleven (11.) as if restated in full herein.

13. On or about May 20, 2005 and before, Plaintiff and Defendant negotiated concerning the purchase by Plaintiff from Defendant of one 1998 Kenworth model T600 truck, vehicle identification number 1XKAD39X4WR759983.

14. At all times, and upon specific inquiry by Plaintiff, Defendant,

4

represented to Plaintiff that the mileage on said truck was 632,124 miles.

15. Said representation made by Defendant was false and Defendant knew it was false, was made willfully with intent to deceive, or recklessly without knowledge, or by mistake and was an accidental misrepresentation, but with the intention that the Plaintiff should rely upon it concerning the actual mileage on said truck. Defendants acts were malicious and oppressive.

16. Plaintiff believed said representation and in reliance thereon purchased the truck.

17. Plaintiff subsequently learned that the actual mileage on the truck was in excess of 775,000 miles.

18. As a proximate consequence of Defendant's said misrepresentation, Plaintiff has been caused to suffer the following injuries and damages:

> loss of her property, lost value of her property, monetary loss, lost earnings, mental anguish including worry, embarrassment, frustration, annoyance and inconvenience, travel expenses, repair expenses, attorney's fees, and other incidental and consequential damages.

WHEREFORE, Plaintiff demands compensatory and punitive damages in an amount to be determined by the trier of fact, and costs.

5

## COUNT THREE

19. Plaintiff realleges and incorporates paragraphs one (1.) through eighteen (18.) as if restated in full herein.

20. Plaintiff's misrepresentations as described herein above are in violation of the Motor Vehicle Information and Cost Savings Act, 49 USCS § 32701 et seq.

21. As a proximate consequence of Defendant's violation of said statutes, Defendant has been caused to suffer the following injuries and damages:

> loss of her property, lost value of her property, monetary loss, lost earnings, mental anguish including worry, embarrassment, frustration, annoyance and inconvenience, travel expenses, repair expenses, attorney's fees, and other incidental and consequential damages.

WHEREFORE, Plaintiff demands judgment for compensatory and punitive damages in an amount to be determined by the trier of fact, and as otherwise prescribed by said statutes, and costs.

## COUNT FOUR

22. Plaintiffs realleges and incorporates paragraphs one (1.) through twenty-one (21.) as if restated in full herein.

23. On or about May 20, 2005, Defendant negligently and/or

6

wantonly sold to Plaintiff one 1998 Kenworth model T600 truck, vehicle identification number 1XKADR9X4WR759983, without having verified the actual mileage on said truck despite having the means to do so.

24. As a proximate consequence of Defendant's negligence and/or wantonness, Plaintiff has been caused to suffer the following injuries and damages:

> loss of her property, lost value of her property, monetary loss, lost earnings, mental anguish including worry, embarrassment, frustration, annoyance and inconvenience, travel expenses, repair expenses, attorney's fees, and other incidental and consequential damages.

WHEREFORE, Plaintiff demands judgment for compensatory and punitive damages, in an amount to be determined by the trier of fact, and costs.

Respectfully submitted this the 20th day of September, 2005.

_____
JOSEPH W. LEWIS (LEW 048)
JOHN E. BYRD (BYR 005)
Attorneys for Plaintiff
P.O. Box 536
Dothan, Alabama 36302
(334) 794-0759
(334) 792-0163 fax

7

## JURY DEMAND

Plaintiff demands a trial by struck jury as to all counts contained in the foregoing complaint.

_____
JOSEPH W. LEWIS (LEW048)
JOHN E. BYRD (BYR 005)
Attorneys for Plaintiff

**Serve Defendant at:**

*Registered Agent:*
Robert Mitchell
3330 5th Avenue North
Birmingham, Alabama 35222

8