## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

JEWEL DEAN OLIVER,                )
                                  )
    Plaintiff,               )
                                  )
                                  )   Case No.:
vs.                               )
                                  )
KENWORTH OF DOTHAN, INC.,         )
                                  )
    Defendant.               )

## AFFIDAVIT OF ROBERT MITCHELL

STATE OF ALABAMA)

HOUSTON COUNTY)

    Before me appeared Robert Mitchell, who being known to me as the President of Kenworth of Dothan, Inc. affirmed as follows:

    "My name is Robert Mitchell. I am over 21 years of age, have personal knowledge of the facts set forth herein and I am competent to testify. At all times material hereto I have been the President of Kenworth of Dothan, Inc. I am one of the custodians of its books and records, which are kept under my supervision and control as part of my day to day activities.

    Attached hereto is a true and correct copy of the Buyer's Order signed by Jewel Dean Oliver, concerning the purchase of the 1998 Kenworth T600 Truck sued upon in this case.[1] Page One, immediately above her signature appears the following, in bold print: "ADDITIONAL TERMS ON REVERSE SIDE". On the reverse side of the Buyer's Order, in numbered paragraph 1, is found the predispute arbitration agreement agreed to by the Plaintiff and Kenworth of Dothan, Inc. In accordance with dealership policy, no portion of the Buyer's Order, including the arbitration agreement, was suppressed from or concealed from Ms. Oliver, and she was given an opportunity to read and ask questions about any or all of the written terms of the transaction at issue before signing the arbitration agreement. This document was signed by Ms. Oliver on May 20, 2005.

_____

    [1]The original document is one page printed on the obverse and reverse, attached hereto as two pages.

**Exhibit A**

The tractor/truck in question was manufactured outside of Alabama and traveled into Alabama in interstate commerce.   Kenworth of Dothan, Inc. is a franchised Kenworth brand tractor/truck dealership receiving vehicles and parts from outside of Alabama which had been traveling in interstate commerce and sold in Dothan, Alabama.   On new Kenworth trucks, warranties from the truck manufacturer and component part manufacturers (all located outside of Alabama) are provided to purchasers. The truck purchased by Plaintiff was manufactured outside of Alabama and used extensively on interstate highways and in the performance of interstate activities.  The transaction as a whole substantially involved and affected interstate commerce."

ROBERT MITCHELL

Sworn to and subscribed before me on this the 17 day of October, 2005.

NOTARY PUBLIC

2

## BUYER'S ORDER

| BUYER / LESSOR | | | | PHYSICAL ADDRESS IF DIFFERENT / LESSEE | | | |
|---|---|---|---|---|---|---|---|
| Jewel Oliver | | | | ADDRESS | | | |
| ADDRESS | | | | | | | |
| 14 Hill St. | | | | CITY | STATE | ZIP | COUNTY |
| CITY | STATE | ZIP | COUNTY | | | | |
| Clio | AL | 36017 | Barbour | CONTACT | PHONE | | FAX |
| CONTACT | PHONE | | FAX | | | | |
| Jewel | (334)397-4005 | | | | | | |

| ORDERED EQUIPMENT INSURANCE CO | | | | ORDERED EQUIPMENT LIENHOLDER |
|---|---|---|---|---|
| | | | | The Commercial Bank of Ozark |
| INSURANCE AGENCY | | | | ADDRESS |
| | | | | P.O. Box 1029 |
| AGENT / CONTACT | PHONE | | FAX | CITY · STATE · ZIP : Ozark AL 36361 |
| P.O. # | SALES TAXES EXEMPTION REASON / # | | | CONTACT : Chris Harper · PHONE (334)774-4931 · FAX (334)774-1309 |

| TO BE DELIVERED IN | STATE AL | COUNTY Houston | CITY Dothan | TO BE TITLED IN STATE OF AL | SALESMAN Tom Ogletree | SALES PRICE |
|---|---|---|---|---|---|---|

| | N/U | STOCK # | YR | MAKE | MODEL | COLOR | VIN | SALES PRICE |
|---|---|---|---|---|---|---|---|---|
| ORDERED EQUIPMENT | U | U000841 | 1998 | Kenworth | T600 | Red | 1XKADR9X4WR759983 | $21,000.00 |

This equipment is sold AS-IS. WHERE-IS with no warranties from Dealer. This disclaimer in no way affects any remaining manufacturer's warranties.

Customer's Signature

ADDITIONS, ACCESSORIES OR WORK TO BE PERFORMED

| | |
|---|---|
| | **Kenworth of Dothan, Inc.** |
| | 461 Ross Clark Circle • Dothan, Alabama 36303 |
| | (334) 712-4900 • (888) 712-4900 • Fax (334) 712-4999 |
| | **KENWORTH** |

### DISCLAIMER OF WARRANTIES

All warranties on this equipment are those of the manufacturers. The Dealer, KENWORTH OF DOTHAN, INC., **HEREBY EXPRESSLY DISCLAIMS ALL WARRANTIES, EITHER EXPRESSED OR IMPLIED, INCLUDING ANY IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE;** and KENWORTH OF DOTHAN, INC. neither assumes nor authorizes any other person to assume for it any liability in connection with the sale of the equipment. **ALL USED EQUIPMENT IS SOLD AS-IS, WHERE-IS WITH NO WARRANTY WHATSOEVER FROM KENWORTH OF DOTHAN, INC.** This disclaimer in no way affects the provisions of the manufacturers warranties.

### ADDITIONAL TERMS ON REVERSE SIDE

By signing below, the Buyer acknowledges that he/she has read all of the terms set forth above and on the back side of this Buyer's Order and agrees to purchase the Equipment on these terms; acknowledges that said terms constitute the entire agreement between the Buyer and the Dealer, except for any other written agreements; and acknowledges that there are no oral representations, terms, or conditions to this agreement.

| | |
|---|---|
| BUYER | DATE 5/20/2005 |

THIS ORDER IS NOT BINDING UPON THE DEALER UNLESS ACCEPTED IN WRITING BELOW BY ALL THREE MANAGERS.

| SALES MANAGER | F & I MANAGER | ADMINISTRATION |
|---|---|---|

| | |
|---|---|
| TOTAL ADDITIONAL COSTS | |
| TOTAL PRICE OF ORDERED EQUIP. | 21,000.00 |
| TOTAL TRADE-IN ALLOWANCE | |
| TRADE DIFFERENCE | 21,000.00 |
| SALES TAX 3.25 % | 682.50 |
| TOTAL LIEN PAYOFF(S) | |
| TITLING (PROCESSING) FEES | 295.00 |
| BALANCE | 21,977.50 |
| NON REFUNDABLE DEPOSIT WITH ORDER | |
| DOWN PAYMENT | |
| REFUND TO CUSTOMER AFTER DELIVERY | |
| BALANCE DUE AT DELIVERY | $21,977.50 |
| LENDER DOCUMENTATION FEES | |
| INSURANCE PREMIUMS ☐ PHYSICAL DAMAGE ☐ CREDIT LIFE | |
| AMOUNT TO BE FINANCED | |

ISUZU     HINO

## ADDITIONAL TERMS OF BUYER'S ORDER

1. ARBITRATION. Any controversy or claim arising out of or relating to this Buyer's Order or otherwise relating in any fashion to the purchase or sale of the Equipment, and/or any other controversy or claim whatsoever arising between the parties hereto, shall be submitted to arbitration in Birmingham, Alabama, in accordance with the Commercial Arbitration Rules of the American Arbitration Association. Judgment upon any award rendered in such proceeding may be entered in any court having jurisdiction thereof, and the parties hereto submit to the jurisdiction of all State and Federal courts located in Birmingham, Alabama, for the purpose of entering said judgment. Furthermore, Buyer and Dealer acknowledge that this transaction involves interstate commerce, and Buyer warrants that the Equipment is to be used primarily for business, rather than family or household, purposes. Nothing in this agreement, and no exercise of any right of arbitration, will limit the right of any person, whether before, during or after the pendency of any arbitration proceeding, (a) to foreclose against any collateral by exercise of any power of sale under any security agreement or other instrument or under applicable law, (b) to exercise self-help remedies such as setoff or repossession, or (c) to obtain provisional or ancillary remedies such as pre-judgment seizure of property.

2. DEFINITIONS. As used in this Buyer's Order, the terms (a) "Dealer" shall mean the authorized Dealer to whom this Buyer's Order is addressed, its successors and assigns, and who shall become a party hereto by its acceptance hereof, (b) "Buyer" shall mean the party executing this Buyer's Order, and (c) "Manufacturer" shall mean the division or corporation that manufactured the equipment described in this Buyer's Order, it being understood by Buyer that Dealer is in no respect the agent of Manufacturer.

3. TITLING (PROCESSING) FEES. This fee includes security interest filing fees, administrative services, courier fees, notary services, and other costs and/or profits to the Dealer.

4. INSURANCE. The Dealer has an agent licensed to sell various types of insurance including, but not limited to, physical damage insurance, liability insurance, credit life insurance, accident health insurance, and others. If you purchase any insurance through the Dealer, the Dealer may receive a commission. While the financing agreement does require physical damage insurance and sometimes liability insurance, no other insurance is required in order for the Buyer to purchase or to finance the equipment. The Buyer is free to select the insurer and/or agent of his/her choice for any such insurance.

5. FINANCING. Buyer is free to seek financing from any source in connection with the purchase of the equipment described herein. If Buyer so desires, Dealer can assist Buyer in attempting to obtain financing. If Buyer requests Dealer's assistance in obtaining financing, Buyer agrees to make full and truthful disclosure of all information requested in any credit application and authorizes Dealer to investigate and verify such information. Dealer makes no warranty that it can obtain financing for Buyer. If Dealer does obtain financing for Buyer, Dealer may receive a commission or a fee for placing the financing.

6. LIMITATION OF DAMAGES. The Dealer shall not be liable for damages due to delays caused by Manufacturer, accidents, strikes, or other causes beyond the control of the Dealer. In addition, the Dealer shall not be liable for consequential, incidental, or any other damages in any event.

7. MANUFACTURER'S MODIFICATIONS. Manufacturer has reserved the right to change the design, accessories and parts of any new equipment at any time without notice. Dealer reserves the same right with respect to Buyer as to any equipment which may be ordered by the Buyer from the Manufacturer. The sales price listed on this Buyer's Order is based on the Manufacturer's price to Dealer as of the execution of this Buyer's Order. Buyer agrees to bear any increase in Manufacturer's price to Dealer subsequent to the execution of this Buyer's Order.

8. DEALERS REMEDIES. In the event Buyer cancels this Buyer's Order, or refuses to accept delivery of the equipment described herein, Dealer may at its election (1) retain Buyer's deposit as liquidated damages, or (2) resell the equipment and recover from Purchaser all damages suffered as a result of Buyer's default, including, without limitation, costs of collection and a reasonable attorney's fee.

9. FURTHER ASSURANCES. At the Buyer's cost and expense, upon request of the Dealer, the Buyer shall duly execute and deliver, or cause to be duly executed and delivered, to the Dealer such further instruments or documents and do and cause to be done such further acts as may be reasonably necessary or proper in the opinion of the Dealer to carry out more effectively the provisions and purposes of this agreement.

10. CONDITION OF EQUIPMENT. New equipment may have suffered damage, and/or may have had mechanical repairs performed, either prior to or after delivery to the Dealer by the manufacturer. Used equipment may have undisclosed mechanical or body repairs and/or may have been involved in accidents. The Dealer makes no representations or warranties as to any such damages or repairs.

11. DEALER ASSISTANCE. If at any time Dealer shall render assistance in any shape or form in servicing or repairing the equipment, or remedying any defects, the rendering of such assistance shall not under any circumstances be deemed an admission or acknowledgment by Dealer of the existence of any warranty under which Dealer has any obligation or responsibility to Buyer.

12. CHANGES IN APPLICABLE TAXES. Buyer agrees to pay all taxes, impositions or charges owed to any governmental body or entity under applicable law arising from Dealer's purchase of the equipment described in this Buyer's Order. Prices set forth herein include taxes, impositions or charges in effect to the best of Dealer's knowledge as of the execution of this Buyer's Order. Buyer agrees to bear any additional taxes, impositions or charges in effect at the time of delivery. Furthermore, Buyer agrees to reimburse Dealer for any taxes, impositions or charges owed that Dealer fails to collect from Buyer at the time of delivery.

13. DEALER ODOMETER DISCLAIMER. Unless otherwise required by law, Dealer makes no representations or warranties, express or implied, that odometer readings on used vehicles reflect the actual mileage traveled by said vehicles.

14. DEALER'S RESERVATION OF RIGHTS PENDING RECEIPT OF FULL PAYMENT. Regardless of the method of payment, until the full purchase price for the equipment described in this Buyer's Order is received by Dealer, Dealer shall reserve title to said equipment and shall have a security interest therein and in the proceeds thereof to secure the payment of the purchase price, plus interest and all costs of collection, including a reasonable attorney's fee. In the event Dealer deems itself insecure in such payment, it may without notice or demand retake immediate possession of the equipment and shall have the rights and remedies provided by law to a secured party.

## TRADE IN (S)

**TRADE-IN CONDITIONS**
1. The equipment traded in by Buyer to Dealer is to be delivered in substantially the same condition and with the same accessories and equipment as when it was appraised. If any substantial change has occurred, or more than 30 days has elapsed since the original appraisal, the equipment will be reappraised and the trade-in price modified in accordance with the reappraised value of the equipment.
2. Buyer assumes responsibility for any lien payoff quotation error on the equipment to be traded in.
3. Buyer agrees to deliver to Dealer the certificate of title, tag receipt and road use tax form 2290 (with proof of payment) to any equipment to be traded in. Buyer agrees to pay any and all taxes owed on said equipment at the time of trade in. Buyer represents and warrants that he/she/it is the rightful owner and possessor of the equipment to be traded in, and that said equipment is free and clear of all liens, encumbrances and claims of any kind or nature, except as noted below.

| | YR | MAKE | MODEL | COLOR | MILEAGE | VIN | TRADE-IN ALLOWANCE |
|---|---|---|---|---|---|---|---|
| 1) | | | | | | | |
| 2) | | | | | | | |
| 3) | | | | | | | |
| 4) | | | | | | | |
| | | | | | | TOTAL ALLOWANCE FOR TRADE-IN(S) | |

## TRADE-IN LIEN PAYOFF(S)

| 1) | LIENHOLDER | | CONTACT | | PHONE | | GOOD THRU | |
|---|---|---|---|---|---|---|---|---|
| | ADDRESS | | | CITY | | STATE | ZIP | |
| 2) | LIENHOLDER | | CONTACT | | PHONE | | GOOD THRU | |
| | ADDRESS | | | CITY | | STATE | ZIP | |
| 3) | LIENHOLDER | | CONTACT | | PHONE | | GOOD THRU | |
| | ADDRESS | | | CITY | | STATE | ZIP | |
| 4) | LIENHOLDER | | CONTACT | | PHONE | | GOOD THRU | |
| | ADDRESS | | | CITY | | STATE | ZIP | |
| | | | | | TOTAL LIEN PAYOFF(S) | | | |