IN THE PRIVATE ARBITRATION OF

| | | |
|---|---|---|
| JEWEL DEAN OLIVER, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| VS. | ) | Before Wm. Coleman, Arbitrator |
| | ) | |
| KENWORTH OF DOTHAN, INC., | ) | |
| | ) | |
| DEFENDANT. | ) | |

## ARBITRATOR'S DECISION AND AWARD

The undersigned Arbitrator was selected by the parties to decide a dispute with regard to a Kenworth truck. Having heard and seen the parties' evidence and arguments at a hearing on October 27, 2006, and carefully considered them, the following Decision and Award is entered.

The Claimant, Jewel Dean Oliver (Ms. Oliver), a resident citizen of Barbour County, Alabama, entered into contract on or about May 20, 2005, to purchase a used 1998 Kenworth Model T 600 truck from Respondent, Kenworth of Dothan, Inc., a corporation with offices in Dothan, Alabama.

Ms. Oliver contends, among other things, that the mileage shown on the odometer of the truck at the time of purchase was less than the actual mileage on the truck, and she contends the truck has become inoperable and must be replaced or overhauled. She seeks to recover damages for loss of her property, loss value of her property, loss of income, and damages for mental anguish, worry, embarrassment, frustration, annoyance and inconvenience, travel expenses, attorney's fees and other incidental and consequential damages.

Ms. Oliver contends that the odometer reading of 632,124 at the time of the purchase was inaccurate and that the actual mileage on the truck at the time of sale was in excess of 775,000 miles. She claims against Kenworth based upon breach of contract, misrepresentation, violation of the Motor Vehicle Information and Cost Savings Act, negligence and wantonness.

Kenworth denies all material averments made by Ms. Oliver, relies upon the sales transaction which was reduced to writing, and avers Ms. Oliver was not injured or damaged by representations, acts or omissions of Kenworth.

On May 20, 2005, when Ms. Oliver purchased the used 1998 model Kenworth 260 truck, the Buyer's Order included, in red print, that the equipment was being sold "AS-IS, WHERE IS,

with no warranties" from Kenworth. On the backside of the Buyer's Order form, under a paragraph entitled "DEALER ODOMETER DISCLAIMER", the contract provided: "Unless otherwise required by law, Dealer makes no representations or warranties, express or implied, that odometer readings on used vehicles reflect the actual mileage traveled by said vehicles."

Ms. Oliver is an intelligent person who is capable of reading the contract, and her claim for breach of contract fails as a result of the provisions of the contract.

There was no evidence of actual knowledge on the part of Kenworth that the odometer reading at the time of sale was incorrect. Accordingly, Ms. Oliver's claims based upon intentional or willful misrepresentation also fail.

Ms. Oliver's claims based upon a violation of the Motor Vehicle Information and Cost Savings Act fail because the evidence was undisputed that the Kenworth truck in issue has a Gross Vehicle Weight Rating of substantially more than 16,000 pounds, and is therefore exempt from the requirements of that Act 49 CFR § 580.17.

In Alabama, there are incidences in which a seller, such as Kenworth, could be found liable for innocent fraud as a result of an incorrect odometer reading, notwithstanding any lack of knowledge by the seller that the mileage on the odometer is incorrect. *Simmons Auto Sales, Inc. v. Royal Motor Company, Inc.*, 489 So.2d 518 (Ala. 1986). Liability in such case could be found notwithstanding sales documentation that reflect the vehicle is sold "as is". Id.

In this case, however, there was a failure of evidence to prove that the odometer reading at the time of sale was inaccurate. As the Claimant, Ms. Oliver had the burden of proving the essential elements of her misrepresentation claim, the most essential one being that the mileage reflected on the odometer of the truck at the time of sale was less than the actual mileage.

The evidence reflected that the odometer reading at the time of purchase on May 25, 2005, was approximately 632,124 miles. Ms. Oliver drove the truck over 90,000 miles until the truck became inoperable with an odometer reading of 724,381. Ms. Oliver's claim that the odometer reading at the time of purchase was inaccurate was based upon an engine control module (EMC) reading which reflected the total mileage recorded by the EMC at the time the truck became inoperable to be 830,928 miles. That information caused Ms. Oliver to believe, wrongly as it turns out, that the actual mileage on the truck at the time of the purchase was necessarily greater than the odometer reading.

As was revealed in the course of the hearing, the EMC module that reflects the odometer reading of 830,928 miles was a module manufactured in 1992, approximately six years before the 1998 model truck purchased by Ms. Oliver from Kenworth. There was no evidence that the 1992 EMC was never used until it was installed on the 1998 truck when new. Instead, the evidence at the hearing reflected that the ECM was most likely used on some other truck or trucks before being installed on the used truck that was purchased in a used condition by Kenworth and then sold as a used truck in used condition to Ms. Oliver without warranty as to mechanical condition or odometer reading.

All of the claims and defenses are not discussed above, but all claims made and defenses asserted have been fully considered. Having considered all claims and defenses, I find that Ms. Oliver is not entitled to recover any amount from Kenworth.

## AWARD

Accordingly, all of the claims and defenses of the parties having been fully considered, I AWARD as follows:

1. All claims of Jewel Dean Oliver against Kenworth of Dothan, Inc. are due to be and are hereby DENIED.

2. The compensation of the arbitrator totals $2,604 and shall be borne equally by the parties. Thus, the amount for each party will be $1,302. Each party having provided an advance deposit of $1,820, the arbitrator will refund the sum of $518 to each party.

3. This Award is in full settlement of all claims between the parties submitted to the arbitration.

Original signed copies provided to:

William D. Coleman, Arbitrator
Dated: November 7, 2006

Joseph W. Lewis, Esq.
Attorney for Jewel Dean Oliver
P O Box 536
Dothan, AL 36302

John Martin Galese, Esq.
Attorney for Kenworth of Dothan, Inc.
300 First Commercial Bank Building
800 Shades Creek Parkway
Birmingham, AL 35209

1079702